Andrew C. Schwartz (State Bar No. 64578)
**CASPER, MEADOWS, SCHWARTZ & COOK**
A Professional Corporation
2121 North California Blvd., Suite 1020
Walnut Creek, California  94596
Telephone:  (925) 947-1147
Facsimile:    (925) 947-1131

Karen L. Snell (State Bar No. 100266)
Attorney at Law
102 Buena Vista Terrace
San Francisco, CA  94117
Telephone:  (415) 225-7592
Facsimile:  (415) 487-0748

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ADOLFO MENDOZA,  AZUCENA MENDOZA, A.M., Jr., a Minor, R.M., a minor, and E.M., a minor, by and through their guardian ad litem, Adolfo Mendoza, and JHONNY MENDOZA<br><br>    Plaintiffs,<br><br>vs.<br><br>CITY OF VACAVILLE POLICE OFFICER SCOTT WHITEHOUSE, SOLANO COUNTY AGENTS FRED DORAN, MIKE WOOD, STEVE MIRIANI, JORGE GIL-BLANCO, and ALDO SERRANO, CITY OF PITTSBURGH POLICE OFFICER JOE RIPOSA, and DOES 1 through 50.<br><br>    Defendants. | CASE NO.<br><br>**COMPLAINT FOR DAMAGES**<br>**(Violation of Civil Rights)**<br><br>JURY TRIAL DEMANDED |

**JURISDICTION AND VENUE**

1.     This complaint alleges violation of the constitutional rights of ADOLFO and AZUCENA MENDOZA, their three children, A.M., Jr., a Minor, R.M., a Minor, and E.M., a Minor, and JHONNY MENDOZA.  The complaint seeks remedies pursuant to

*Mendoza vs. City of Vacaville, et al.*                                                                                           Page 1

**CASPER, MEADOWS, SCHWARTZ & COOK**
2121 N. California Blvd.,
Suite 1020
Walnut Creek, CA  94596
TEL: (925) 947-1147
FAX (925) 947-1131

1  Title 42, United States Code, section 1983.  Jurisdiction is conferred upon the United States District Court by Title 28, United States Code, sections 1331 and 1343.  The actions giving rise to Defendants' liability, as alleged in this complaint, occurred in the City of Pittsburgh, County of Contra Costa, State of California.  Venue is therefore proper in the Northern District of California pursuant to Title 28, United States Code, section 1391(b), and Local Rule 3-2(e).

2. Plaintiffs hereby demand a jury trial in this action.

## IDENTIFICATION OF PARTIES

3. At all times material to this complaint, Plaintiff ADOLFO MENDOZA was a resident of the Northern District of California and of full age.

4. At all times material to this complaint, Plaintiff AZUCENA MENDOZA was a resident of the Northern District of California and of full age.

5. Plaintiff A.M., JR. is a minor who is represented in this action by his guardian ad litem ADOLFO MENDOZA.

6. Plaintiff R.M. is a minor who is represented in this action by his guardian ad litem ADOLFO MENDOZA.

7. Plaintiff E.M. is a minor who is represented in this action by her guardian ad litem ADOLFO MENDOZA.

8. At all times material to this complaint, Plaintiff JHONNY MENDOZA (hereinafter "JHONNY MENDOZA") was a resident of the Northern District of California and of full age.

9. At all times relevant to this complaint, Defendant Commander FRED DORAN was employed by the California Department of Justice as a Special Agent Supervisor attached to the Solano County Sheriff's Department Narcotics Enforcement Team, and was responsible for the operation conducted on March 22-23, 2005 that underlies this complaint.  Defendant DORAN is sued in his individual and supervisory capacity.

10. At all times relevant to this complaint, Defendant Solano County Narcotic

CASPER, MEADOWS,
SCHWARTZ & COOK
2121 N. California Blvd.,
Suite 1020
Walnut Creek, CA  94596
TEL: (925) 947-1147
FAX (925) 947-1131

*Mendoza vs. City of Vacaville, et al.*                                                                                          Page 2

Enforcement Team Sergeant MIKE WOOD was an agent and/or employee of the Solano County Sheriff's Department and was the supervisor of the Solano County Narcotic Enforcement Team. Defendant WOOD is sued in his individual and supervisory capacity.

11. At all times relevant to this complaint, Defendant Solano County Narcotic Enforcement Team Detective STEVE MIRIANI was an agent and/or employee of the Solano County Sheriff's Department, and is sued in his individual capacity.

12. At all times relevant to this complaint, Defendant Solano County Narcotic Enforcement Team Detective JORGE GIL-BLANCO was an agent and/or employee of the Solano County Sheriff's Department, and is sued in his individual capacity.

13. At all times relevant to this complaint, Defendant Solano County Narcotic Enforcement Team Detective ALDO SERRANO was an agent and/or employee of the Solano County Sheriff's Department, and is sued in his individual capacity.

14. At all times relevant to this complaint, Defendant Vacaville Detective SCOTT WHITEHOUSE was an agent and/or employee of the City of Vacaville Police Department, and is sued in his individual capacity.

15. At all times relevant to this complaint, Defendant City of Pittsburgh Police Department Sergeant JOE RIPOSA was an agent and/or employee of the Pittsburgh Police Department, and is sued in his individual capacity.

16. Defendants DOES 1-50 are law enforcement officers who participated in obtaining the warrant for Plaintiffs' home; law enforcement officers who entered Plaintiffs' home; and law enforcement officers who detained Plaintiffs. Plaintiffs are unaware of their identities at this time but will amend this complaint to include their true names as soon as they are determined.

**STATEMENT OF FACTS**

17. This action arises from the forced, warrantless nighttime entry by Solano County Sheriff's deputies and Vacaville and Pittsburgh police officers into the home of the MENDOZA family on March 23, 2005.

18. On March 22, 2005, the Solano County Sheriff's Department Narcotics

CASPER, MEADOWS, SCHWARTZ & COOK
2121 N. California Blvd., Suite 1020
Walnut Creek, CA 94596
TEL: (925) 947-1147
FAX (925) 947-1131

Enforcement Team and the Vacaville Police Department Narcotics Enforcement Team were involved in a joint investigation of Fairfield, California resident James Higgins. The officers established surveillance of Higgins' home. At approximately 9:25 p.m., they saw Higgins and a female companion leave Higgins' residence in a silver Mitsubishi. The officers proceeded to follow Higgins and his companion to Pittsburgh, California, where Defendant WOOD saw them enter 53 Dimaggio Avenue.

19. A few minutes later, Defendant WHITEHOUSE saw Higgins exit 53 Dimaggio Avenue carrying a large plastic bag, which he placed in the trunk of the Mitsubishi before getting in the car and driving away.

20. Defendants proceeded to follow the Mitsubishi to Rio Vista, California, where they stopped it, detained Higgins and his companion, searched the car and found drugs and a handgun.

21. Defendant MIRIANI then had a brief conversation with Higgins' female companion. She told him that she had driven Higgins to an unknown address in Pittsburgh, and had entered the residence with him. She told Defendant MIRIANI that it was the home of a black male she only knew as "C" and a juvenile black female.

22. Defendants proceeded to the Pittsburgh Police Department, where they prepared for the execution of a search warrant at the Dimaggio Avenue residence. Defendants WOOD, GIL-BLANCO, WHITEHOUSE, and/or RIPOSA returned to Dimaggio Avenue to drive by the residence and verify the address. Defendants again verified the residence at 53 Dimaggio Avenue as a yellow stucco house with white trim, a raised red brick porch, a U-Haul type truck parked directly in front, and a vehicle parked in the driveway with a cloth car cover. During a pre-warrant briefing, this description was also provided to the DOE Defendants involved in the execution of the warrant.

23. Defendants WHITEHOUSE and MIRIANI drafted the warrant, and Defendant WHITEHOUSE signed the affidavit in support of the warrant. Despite their knowledge that Higgins had entered 53 Dimaggio Avenue, and that probable cause existed for a issuance of a warrant for 53 Dimaggio Avenue, defendants and each of them,

CASPER, MEADOWS,
SCHWARTZ & COOK
2121 N. California Blvd.,
Suite 1020
Walnut Creek, CA 94596
TEL: (925) 947-1147
FAX (925) 947-1131

*Mendoza vs. City of Vacaville, et al.*                                                                     Page 4

obtained a warrant for 41 Dimaggio Avenue, which residence was not yellow stucco with white trim, did not have a raised red brick porch, did not have a U-Haul type truck parked directly in front, and did not have a vehicle parked in the driveway with a cloth car cover.

24. Sometime between 1:30 a.m. and 2:30 a.m., Defendants parked around the corner from 41 Dimaggio Avenue, and approached the residence on foot. Defendant SERRANO, who had brought along a battering ram, proceeded to use it to gain entry into 41 Dimaggio Avenue. Once the door was open, six or more Solano County, Vacaville, and Pittsburgh Defendants (including but not limited to Defendants WHITEHOUSE, MIRIANI and WOOD) -- wearing helmets and tactical gear, firearms drawn – forcibly entered Plaintiffs' home at 41 Dimaggio Avenue. Plaintiffs ADOLFO, AZUCENA, A.M. JR., R.M. and E.M., JHONNY MENDOZA, and Azucena Mendoza's brother were present. Defendants forced Plaintiff ADOLFO MENDOZA to lie in a prone position at gunpoint. Plaintiff AZUCENA MENDOZA was also held at gunpoint. Defendants hit Plaintiff JHONNY MENDOZA in the head, causing an injury that required emergency medical care.

25. While Defendants were securing the back yard of Plaintiffs' residence, they saw a black male and a black juvenile female exit from the next door residence and then immediately return to the residence. The officers realized their "mistake" and Defendant WHITEHOUSE went about obtaining a warrant for 53 Dimaggio Avenue.

26. Notwithstanding their "mistake", Defendants continued to detain Plaintiffs in heir living room, with ADOLFO MENDOZA and JHONNY MENDOZA in hand cuffs, while Defendant WHITEHOUSE called Judge Nail and obtained a warrant for 53 Dimaggio Avenue. Defendant WHITEHOUSE explained to Judge Nail that he had "transposed" the house numbers on the original warrant.

27. Defendants continued to detain Plaintiffs until after they conducted their search of 53 Dimaggio Avenue.

\ \ \

\ \ \

CASPER, MEADOWS, SCHWARTZ & COOK
2121 N. California Blvd., Suite 1020
Walnut Creek, CA 94596
TEL: (925) 947-1147
FAX (925) 947-1131

*Mendoza vs. City of Vacaville, et al.* Page 5

## DAMAGES

28. Plaintiffs ADOLFO MENDOZA, AZUCENA MENDOZA, A.M., JR., R. ., E.M., and JHONNY MENDOZA were mentally and emotionally injured and damaged as a proximate result of Defendants forced entry into their home in the middle of the night, and incurred medical costs as a result. JHONNY MENDOZA was also physically injured, causing pain and suffering, and incurred medical costs as a result. All Plaintiffs were also financially injured as a result of Defendants' destruction of their security door, entry door, door jam, living room walls, hallway walls, furniture and the front door to one of the bedrooms in their home. In addition, as a result of Defendants' conduct, Plaintiff ADOLFO MENDOZA missed three days of work. All Plaintiffs have also suffered the violation of their constitutional rights and the loss of the sense of security, dignity, and pride as citizens and residents of the United States of America.

29. The conduct of the Defendants was malicious, wanton, and oppressive. Plaintiffs are therefore entitled to an award of punitive damages against the individually named defendants.

30. Plaintiffs found it necessary to engage the services of private counsel to vindicate their rights. Plaintiffs are therefore entitled to recover all attorneys' fees and costs incurred in relation to this action pursuant to Title 42 United States Code section 1988.

### FIRST CLAIM FOR RELIEF
### 42 U.S.C. Section 1983
### (By All Plaintiffs Against All Defendants)

31. Plaintiffs ADOLFO MENDOZA, AZUCENA MENDOZA, A.M., JR., R.M., E.M., and JHONNY MENDOZA reallege and incorporate by reference paragraphs 1 through 30 as though fully set forth in this cause of action.

32. Defendants acted under color of law in forcefully entering Plaintiffs' home and detaining Plaintiffs without lawful justification, thereby depriving Plaintiffs of certain constitutionally-protected rights, including but not limited to the Fourth Amendment to the United States Constitution, which guarantees the right to be free from

CASPER, MEADOWS, SCHWARTZ & COOK
2121 N. California Blvd., Suite 1020
Walnut Creek, CA 94596
TEL: (925) 947-1147
FAX (925) 947-1131

*Mendoza vs. City of Vacaville, et al.* Page 6

unreasonable search and seizure and the right to be free from the use of excessive force by law enforcement officers acting under color of law.

33. As a proximate result of the conduct of Defendants, Plaintiffs suffered physical pain and emotional distress and incurred general damages for the deprivation of their constitutional rights.

34. Defendants acted in reckless and callous disregard for the constitutional rights of Plaintiffs, and with willful oppression and malice. Plaintiffs therefore seek an award of punitive damages against the individual Defendants.

WHEREFORE, Plaintiffs pray for relief as set forth below.

## SECOND CLAIM FOR RELIEF
## 42 U.S.C. Section 1983
## (By All Plaintiffs Against Defendants Doran and Wood)

35. Plaintiffs reallege and incorporate by reference paragraphs 1 through 34 as though fully set forth in this cause of action.

36. Plaintiffs are informed and believe and on that basis allege that Defendants DORAN and WOOD participated in the violation of Plaintiffs' rights by failing to provide adequate training, supervision, discipline, and control of Solano County deputies and Vacaville and Pittsburgh police officers with respect to the constitutional prohibition against unreasonable searches and seizures and the appropriate use of force and by ratifying the conduct of the Defendants described in this complaint, thereby acquiescing in the deprivation of Plaintiffs' rights. WHEREFORE, Plaintiffs pray for relief as follows:

1. For general damages, according to proof;

2. For special damages, according to proof;

3. For pecuniary damages, according to proof;

4. For punitive damages against the individually-named defendants;

6. For attorneys' fees pursuant to 42 U.S.C. section 1988;

7. For costs of suit incurred herein; and

8. For such other and further relief as the court may deem just and proper.

CASPER, MEADOWS, SCHWARTZ & COOK
2121 N. California Blvd., Suite 1020
Walnut Creek, CA 94596
TEL: (925) 947-1147
FAX (925) 947-1131

Dated: February 26, 2007				CASPER, MEADOWS, SCHWARTZ & COOK


						By: ANDREW C. SCHWARTZ
						Attorneys for Plaintiffs

**CASPER, MEADOWS,
SCHWARTZ & COOK**
2121 N. California Blvd.,
Suite 1020
Walnut Creek, CA 94596
TEL: (925) 947-1147
FAX (925) 947-1131

*Mendoza vs. City of Vacaville, et al.*                                                                        Page 8