IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ADOLFO MENDOZA; AZUCENA MENDOZA; A.M., Jr., a Minor; R.M., a minor; and E.M., a Minor, by and through their guardian ad litem, Adolfo Mendoza; and JHONNY MENDOZA;<br><br>            Plaintiffs,<br><br>      v.<br><br>SCOTT WHITEHOUSE, FRED DORAN, MIKE WOOD, STEVE MIRIANI, JORGE GIL-BLANCO, ALDO SERRANO, JOE RIPOSA, OFFICER STEVENS, AND DOES 2 through 50,<br><br>            Defendants.<br>_____/ | No. C 07-01138 CW<br><br>ORDER GRANTING WITH LEAVE TO AMEND GIL-BLANCO'S MOTION TO DISMISS AND GRANTING IN PART WITH LEAVE TO AMEND SERRANO'S MOTION TO DISMISS |

In separate motions, Defendants Aldo Serrano and Jorge Gil-Blanco move, under Federal Rule of Civil Procedure 12(b)(6), to dismiss Plaintiffs' cause of action under 42 U.S.C. § 1983 for violation of Plaintiffs' Fourth Amendment rights.  Plaintiffs oppose the motions.  Having considered all the papers filed by the parties, the Court GRANTS Defendant Gil-Blanco's motion and GRANTS Defendant Serrano's motion IN PART and DENIES it IN PART.  The

Court also GRANTS Plaintiffs leave to amend their Second Amended Complaint.

## PROCEDURAL BACKGROUND

On February 26, 2007, Plaintiffs filed their complaint. On April 19, 2007, they filed their First Amended Complaint. On May 25, Defendant Serrano filed an answer. On June 13, 2007, the Court issued a Minute Order and Case Management Order establishing a July 12, 2007 deadline for Plaintiffs to add additional parties or claims. Pursuant to this Order, Plaintiffs filed their Second Amended Complaint on July 12, 2007. Defendants Gil-Blanco and Serrano filed motions to dismiss on July 16, 2007 and July 27, 2007, respectively. On August 2, 2007, Plaintiffs filed a memorandum in opposition to Defendant Gil-Blanco's motion. On August 15, 2007, Plaintiffs filed a memorandum in opposition to Defendant Serrano's motion.

## FACTUAL BACKGROUND

This action arises from an operation involving officers from several police jurisdictions -- the Benicia Police Department, the California Highway Patrol, the Dixon Police Department, the Pittsburg Police Department, the Solano County Sheriff's Department, and the Vacaville Police Department -- resulting in the alleged forced entry by officers into Plaintiffs' home. (Second Amended Complaint (SAC) ¶¶ 18-19.) Plaintiffs allege the following:

Police officers, conducting surveillance of a suspect in a narcotics investigation, observed the suspect drive to and enter a house at 53 Dimaggio Avenue, Pittsburg, California, and then exit

2

with a large plastic bag. (Id. ¶¶ 19-21.) After detaining and searching the suspect, the officers found drugs and a handgun. (Id. ¶ 22.) The officers learned from the suspect's companion that 53 Dimaggio Avenue was the home of a black male she knew only as "C" and a juvenile black female. (Id. ¶ 23.)

The officers then prepared to apply for a search warrant by driving by 53 Dimaggio Avenue, which they identified as a yellow stucco house with white trim, a raised red brick porch, a U-Haul-type truck parked in front, and a vehicle under a cloth cover in the driveway. (Id. ¶ 24.) Defendant Gil-Blanco, of the Dixon Police Department, was one of these officers. (Id.)

Defendants Whitehouse and Miriani drafted the warrant, and Defendant Whitehouse signed an affidavit supporting the warrant. (Id. ¶ 25.) But instead of listing the suspect's residence as 53 Dimaggio Avenue, they listed it as 41 Dimaggio Avenue -- Plaintiffs' residence, which was not yellow with stucco trim, a raised red brick porch, a U-Haul-type truck parked in front, or a cloth-covered vehicle in the driveway. (Id.) The complaint does not allege that this description of the residence was included in the warrant.

Between 1:30 and 2:30 a.m., officers, including Defendant Serrano, approached 41 Dimaggio Avenue. (Id. ¶ 26.) Defendant Serrano used a battering ram to open the door. (Id.) Six or more officers of the Solano County Sheriff's Department and the Pittsburg and Vacaville Police Departments then entered Plaintiffs' residence, held Plaintiffs Adolfo and Azucena Mendoza at gun point and hit Plaintiff Jhonny Mendoza in the head. (Id.) The officers

3

realized their mistake, obtained a warrant for 53 Dimaggio Avenue, and searched that residence, detaining Plaintiffs until it had been searched. (Id. ¶¶ 27-29.)

LEGAL STANDARD ON MOTION TO DISMISS

All material allegations in a complaint will be taken as true and construed in the light most favorable to the plaintiff. NL Indus., Inc. v. Kaplan, 792 F.2d 896, 898 (9th Cir. 1986).

A complaint must contain a "short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a). "Each averment of a pleading shall be simple, concise, and direct. No technical forms of pleading or motions are required." Fed. R. Civ. P. 8(e). The Federal Rules of Civil Procedure do not require a claimant to set out in detail the facts upon which he bases his claim. Bell Atl. Corp. v. Twombly, __ U.S. __, 127 S.Ct. 1955, 1964 (2007). To the contrary, all the Rules require is "a short and plain statement of the claim" that "will give the defendant fair notice of what the [plaintiff's] claim is and the grounds on which it rests." Id. (quoting Conley v. Gibson, 355 U.S. 41, 47 (1957)) (internal quotation marks omitted).

Although "a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, a plaintiff's obligation to provide the 'grounds' of his 'entitlement to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." Id. The complaint must contain sufficient factual allegations "to raise a right to relief above the speculative level." Id. at 1965. "Without some factual allegations in the complaint, it is hard to

see how a claimant could satisfy the requirement of providing not only 'fair notice' of the nature of the claim, but also 'grounds' on which the claim rests." Id. at 1965 n.3.

When granting a motion to dismiss, a court is generally required to grant a plaintiff leave to amend, even if no request to amend the pleading was made, unless amendment would be futile. Cook, Perkiss & Liehe, Inc. v. N. Cal. Collection Serv. Inc., 911 F.2d 242, 246-47 (9th Cir. 1990). In determining whether amendment would be futile, a court examines whether the complaint could be amended to cure the defect requiring dismissal "without contradicting any of the allegations of [the] original complaint." Reddy v. Litton Indus., Inc., 912 F.2d 291, 296 (9th Cir. 1990). Leave to amend should be liberally granted, but an amended complaint cannot allege facts inconsistent with the challenged pleading. Id. at 296-97.

## DISCUSSION

I. Defendant Gil-Blanco

Plaintiffs allege that Defendant Gil-Blanco was an officer of the Dixon Police Department, one of many officers from various police jurisdictions who were involved in the operation underlying this complaint. (SAC ¶¶ 10, 12.) However, concerning Defendant Gil-Blanco specifically, Plaintiffs allege only that in the company of other Defendants he drove by 53 Dimaggio Avenue to verify "the residence at 53 Dimaggio Avenue as a yellow stucco house with white trim . . . ." (SAC ¶ 24.)

Title 42 U.S.C. § 1983 "provides a cause of action for the 'deprivation of any rights, privileges, or immunities secured by

5

the Constitution and laws' of the United States." <u>Wilder v. Virginia Hosp. Ass'n</u>, 496 U.S. 498, 508 (1990) (quoting 42 U.S.C. § 1983). Section 1983 is not itself a source of substantive rights, but merely provides a method for vindicating federal rights elsewhere conferred. <u>Graham v. Connor</u>, 490 U.S. 386, 393-94 (1989). To state a claim under § 1983, a plaintiff must allege two essential elements: (1) that a right secured by the Constitution or laws of the United States was violated and (2) that the alleged violation was committed by a person acting under the color of state law. <u>West v. Atkins</u>, 487 U.S. 42, 48 (1988); <u>Ketchum v. Alameda County</u>, 811 F.2d 1243, 1245 (9th Cir. 1987).

The Fourth Amendment proscribes "unreasonable searches and seizures." U.S. Const. amend. IV. The allegations against Defendant Gil-Blanco fail to show that his conduct was the proximate cause of Plaintiffs' alleged deprivations of this constitutional right. Plaintiffs allege that other Defendants -- not Defendant Gil-Blanco -- drafted the warrant (Defendants Whitehouse and Miriani), signed an affidavit supporting the warrant (Defendant Whitehouse), forced entry into Plaintiffs' home ("six or more Solano County, Vacaville, and Pittsburgh [sic] [police officer] Defendants"), held Plaintiffs Adolfo Mendoza and Azucena Mendoza at gunpoint (same), hit Plaintiff Jhonny Mendoza in the head (same), and detained Plaintiffs (same). (<u>Id.</u> ¶¶ 26-29.) Defendant Gil-Blanco, allegedly a Dixon police officer, is not claimed to have participated in any of this conduct. Thus, Plaintiffs fail to state a constitutional violation by Defendant Gil-Blanco, as required under 42 U.S.C. § 1983 and the Fourth

6

Amendment.

Plaintiffs contend that the Ninth Circuit's decision in <u>Navarro v. Barthel</u>, 952 F.2d 331 (9th Cir. 1991), supports their argument that Defendant Gil-Blanco's alleged actions constitute Fourth Amendment violations.  However, in <u>Navarro</u>, it was the officer who obtained the warrant to search the wrong house whose actions the Ninth Circuit affirmed as triable; that is, it was for a jury to determine whether the officer acted reasonably in writing the wrong address on his warrant application.  952 F.2d at 332.  Here, Plaintiffs make no allegation that Defendant Gil-Blanco participated in obtaining the warrant that led to the alleged violation of their Fourth Amendment rights.  To the contrary, they allege specifically that Defendants Whitehouse and Miriani drafted the warrant and that Defendant Whitehouse signed an affidavit supporting it.

Plaintiffs also cite <u>United States v. Collins</u>, 830 F.2d 145, 146 (9th Cir. 1987), a case where a search warrant did not describe the place to be searched with particularity sufficient to comport with Fourth Amendment requirements, for the proposition that "[a]s the officers were reckless in preparing their affidavit, they are not protected by good faith reliance on the warrant."  But, again, Plaintiffs allege neither that Defendant Gil-Blanco prepared a warrant with insufficient particularity, that he was an affiant for such a warrant, nor that he relied upon one in violating their constitutional rights.

Defendant Gil-Blanco's driving by to verify the residence at 53 Dimaggio Avenue as a yellow stucco house, as Plaintiffs allege

7

1  he did, cannot be construed as the proximate cause of any violation
2  of Plaintiffs' constitutionally protected rights.  Accordingly,
3  Plaintiffs have failed to state any grounds for relief from
4  Defendant Gil-Blanco under 42 U.S.C. § 1983.  Therefore, Defendant
5  Gil-Blanco's motion to dismiss is GRANTED.

II.  Defendant Serrano

Plaintiffs allege that in participating in the execution of the warrant Defendant Serrano used a battering ram to open their door.  Plaintiffs allege that then six or more officers of the Pittsburg and Vacaville Police Departments and the Solano County Sheriff's Department forcibly entered Plaintiffs' home.  Plaintiffs do not allege that Defendant Serrano, allegedly an officer of the Benicia Police Department, entered Plaintiffs' home, hit Plaintiff Jhonny Mendoza or detained Plaintiffs.

The Warrants Clause of the Fourth Amendment provides that "no Warrants shall issue, but upon probable cause, supported by Oath or affirmation, and particularly describing the place to be searched, and the persons or things to be seized."  U.S. Const. amend. IV. "The classic statement of the standard for testing the sufficiency of a warrant's description [is that] '[i]t is enough if the description is such that the officer with a search warrant can, with reasonable effort, ascertain and identify the place intended.'"  United States v. Whitney, 633 F.2d 902, 907 (9th Cir. 1980) (quoting Steele v. United States No. 1, 267 U.S. 498, 503 (1925)).

Plaintiffs cite the test articulated in Maryland v. Garrison, 480 U.S. 79, 85 (1987), as, "Whether the officers knew or should

8

have known that a mistake had been made in designating the place to be searched." In Garrison, officers obtained a warrant for a building's third floor, which they mistakenly believed was single apartment belonging to the suspect. Id. at 80. Actually, there were two apartments on the floor, and, believing they were searching the suspect's apartment, officers found contraband in the suspect's neighbor's apartment. Id. The Supreme Court held, "Plainly, if the officers had known, or even if they should have known, that there were two separate dwelling units on the third floor of 2036 Park Avenue, they would have been obligated to exclude respondent's apartment from the scope of the requested warrant." Id. at 85. Under Garrison, if Defendant Serrano knew or should have known that the suspect's residence was a particular one (such as 53 Dimaggio Avenue), he would have had to exclude other residences (such as Plaintiffs') from the scope of the warrant. But Plaintiffs fail to allege that Defendant Serrano knew or should have known that the suspect's residence was 53 Dimaggio Avenue, not 41 Dimaggio Avenue, nor do any of the facts alleged support such an inference.

Plaintiffs also cite Navarro, 952 F.2d 331, but, as discussed above with respect to Defendant Gil-Blanco, although Navarro held that the actions of the officer who obtained the warrant to search the wrong house were triable, in this case Plaintiffs make no allegation that Defendant Serrano participated in obtaining the warrant that led to the alleged violation of their Fourth Amendment rights. Indeed, according to the Second Amended Complaint, Defendant Serrano had no involvement in events as alleged until he

9

executed a warrant for a search of 41 Dimaggio Avenue at that address.

The facts Plaintiffs allege fail to state a claim that Defendant Serrano violated Plaintiffs' Fourth Amendment rights merely by participating in the execution of the search warrant. Plaintiffs note that "police officers called upon to aid other officers in executing arrest warrants are entitled to assume that the officers requesting aid offered the magistrate the information requisite to support an independent judicial assessment of probable cause." Whiteley v. Warden, Wyo. State Penitentiary, 401 U.S. 560, 568 (1971). Defendant Serrano, according to the facts alleged, assisted officers in the execution of a warrant and therefore merits this same entitlement.

However, Plaintiffs further allege that Defendant Serrano, "who had brought along a battering ram, proceeded to use it to gain entry into 41 Dimaggio Avenue." (SAC ¶ 26.) No knock or announcement of police presence, prior to battering the door, is alleged.

The Fourth Amendment does not proscribe all state-initiated searches and seizures -- only unreasonable ones. United States v. Willis, 431 F.3d 709, 714 (9th Cir. 2005). "Whether a particular search meets the reasonableness standard is judged by balancing its intrusion on the individual's Fourth Amendment interests against its promotion of legitimate governmental interests." Sanchez v. County of San Diego, 464 F.3d 916, 922 (9th Cir. 2006). "Unnecessary destruction of property or use of excessive force can render a search unreasonable." United States v. Ankeny, 490 F.3d

10

744, 751 (9th Cir.), amended and superseded on different grounds by __ F.3d __, 2007 WL 2482059 (9th Cir. 2007).

The weighing of the intrusion on Fourth Amendment rights against legitimate government interests applies to the Fourth Amendment's knock-and-announce rule. The rule was first articulated by the Supreme Court in Wilson v. Arkansas, 514 U.S. 927, 936 (1995), which held that although "a search or seizure of a dwelling might be constitutionally defective if police officers enter without prior announcement, law enforcement interests may also establish the reasonableness of an unannounced entry." Thus, "officers entering a dwelling pursuant to a search warrant announce their purpose and authority and either wait a reasonable amount of time or be refused admittance before forcibly entering the residence. This knock and announce requirement may be excused, however, by the presence of exigent circumstances." United States v. Bynum, 362 F.3d 574, 579 (9th Cir. 2004) (citations omitted).

Here, absent exigent circumstances, none of which are alleged, use of a battering ram to gain entry into Plaintiffs' home, without first knocking and announcing, would constitute unreasonable excessive force in violation of the Fourth Amendment. However, there remains the question of whether Defendant Serrano is entitled to qualified immunity for his alleged use of excessive force.

The defense of qualified immunity protects "government officials . . . from liability for civil damages insofar as their conduct does not violate clearly established statutory or constitutional rights of which a reasonable person would have known." Harlow v. Fitzgerald, 457 U.S. 800, 818 (1982). The rule

11

of qualified immunity protects "all but the plainly incompetent or those who knowingly violate the law." Malley v. Briggs, 475 U.S. 335, 341 (1986). "Therefore, regardless of whether the constitutional violation occurred, the [official] should prevail if the right asserted by the plaintiff was not 'clearly established' or the [official] could have reasonably believed that his particular conduct was lawful." Romero v. Kitsap County, 931 F.2d 624, 627 (9th Cir. 1991).

"The entitlement [to qualified immunity] is an immunity from suit rather than a mere defense to liability; . . . it is effectively lost if a case is erroneously permitted to go to trial." Mitchell v. Forsyth, 472 U.S. 511, 526 (1985). A ruling on the issue of qualified immunity should therefore be made early in the proceedings so that the costs and expenses of trial are avoided where the defense is dispositive. Saucier v. Katz, 533 U.S. 194, 200 (2001). A defendant must allege qualified immunity as an affirmative defense. Gomez v. Toledo, 446 U.S. 635, 640 (1980). If the court determines that the defendant's actions, as alleged by the plaintiff, are ones a reasonable officer could have believed lawful, then the immunity is invoked and the court must dismiss the claim prior to discovery. See Anderson v. Creighton, 483 U.S. 635, 646 n.6 (1987) ("[T]o protect public officials from the broad-ranging discovery that can be peculiarly disruptive of effective government . . . we have emphasized that qualified immunity questions should be resolved at the earliest possible stage of a litigation.") (citation and internal quotation marks omitted).

12

A court considering a claim of qualified immunity must first determine whether the plaintiff has alleged the deprivation of an actual constitutional right, then proceed to determine if the right was "clearly established." Wilson v. Layne, 526 U.S. 603, 609 (1999); Conn v. Gabbert, 526 U.S. 286, 290 (1999). The threshold question must be: "Taken in the light most favorable to the party asserting the injury, do the facts alleged show the officer's conduct violated a constitutional right?" Saucier, 533 U.S. at 201. If there would be no violation of constitutional rights even were the allegations established, the inquiry concerning qualified immunity is at an end. Id. "On the other hand, if a violation could be made out on a favorable view of the parties' submissions, the next, sequential step is to ask whether the right was clearly established." Id. For a right to qualify as clearly established, "the contours of the right must be sufficiently clear so that a reasonable official would know that his conduct violates that right." Browning v. Vernon, 44 F.3d 818, 823 (9th Cir. 1995).

Plaintiffs have alleged deprivation of a clearly established constitutional right. The constitutional right not to have police officers break into one's home without first knocking and announcing has been clearly established at least since the Supreme Court decided Wilson, 514 U.S. 927 (1995). Therefore, a reasonable officer in Defendant Serrano's situation would have known that, absent exigent circumstances, failing to knock and announce before using a battering ram to effect entry into Plaintiffs' home was in violation of their constitutional rights. Thus, Defendant Serrano cannot claim qualified immunity from suit for this alleged use of

13

excessive force.

For the foregoing reasons, the Court GRANTS Defendant Serrano's motion to dismiss the claim that he violated Plaintiffs' Fourth Amendment rights by executing the search warrant, but to the extent that Plaintiffs state a claim of excessive force against Defendant Serrano, his motion to dismiss is DENIED.

## CONCLUSION

For the foregoing reasons, the Court GRANTS Defendant Gil-Blanco's motion to dismiss and GRANTS Defendant Serrano's motion as to Plaintiffs' claim that he violated their constitutional rights by executing the search warrant. But to the extent that Plaintiffs state a claim of excessive force against Defendant Serrano, the Court DENIES his motion to dismiss.

Plaintiffs claim that discovery is needed to determine which officers committed which acts alleged in the Second Amended Complaint. Accordingly, Plaintiffs may conduct discovery and are granted leave to file an amended complaint within sixty days of this order, including, if warranted, additional claims against Defendants Gil-Blanco and Serrano.

IT IS SO ORDERED.

Dated: 9/24/07

CLAUDIA WILKEN
United States District Judge