IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

ADOLFO MENDOZA et al.,

    Plaintiffs,

    v.

SCOTT WHITEHOUSE et al.,

    Defendants.
_____/

No. C 07-01138 CW

ORDER DENYING DEFENDANTS' MOTIONS TO DISMISS

    In three separate motions, Defendants Jorge Gil-Blanco, Aldo Serrano, Jonathan Stephens, and Joe Reposa move, under Federal Rule of Civil Procedure 12(b)(6), to dismiss, on the basis of qualified immunity, Plaintiffs' first cause of action under 42 U.S.C. § 1983 for violation of Plaintiffs' Fourth Amendment rights in the third amended civil rights complaint (TAC). Plaintiffs oppose the motions. Having considered all the papers filed by the parties, the Court DENIES Defendants' motions to dismiss.

BACKGROUND

    On February 26, 2007, Plaintiffs filed their complaint, on April 19, 2007, they filed their First Amended Complaint and on July 12, 2007, they filed their Second Amended Complaint. The complaint arises from an operation involving officers from several

police departments which resulted in the alleged forced entry by officers into Plaintiffs' home. Plaintiffs' home had been misidentified in the search warrant as the home of a suspect involved in a narcotics investigation. On July 16, 2007, Defendants Gil-Blanco and Serrano filed motions to dismiss. On September 24, 2007, the Court issued an Order Granting with Leave to Amend Gil-Blanco's motion to dismiss and Granting in Part with Leave to Amend Serrano's motion to dismiss (September 24, 2007 Order). (Docket # 48).

In the September 24, 2007 Order, the Court noted that, concerning Gil-Blanco, the complaint only alleged that, in the company of other defendants, he drove by 53 Dimaggio Avenue, the suspect's residence, to verify that it was a yellow stucco house with white trim. The Court ruled that this allegation was insufficient to show that Gil-Blanco was the proximate cause of any violation of Plaintiffs' constitutionally protected rights.

In regard to Serrano, the Court noted that the complaint only alleged that he used a battering ram to open the door to Plaintiffs' residence. The Court noted that this was insufficient to state a claim against Serrano for executing an invalid search warrant, but that it was sufficient to state a claim against him for a violation of the right not to have police officers break into one's home without first knocking and announcing. The Court granted Serrano's motion to dismiss the claim based upon the execution of the search warrant and denied the motion to dismiss the claim based upon the use of excessive force.

In their TAC, Plaintiffs add the following relevant

2

allegations.  In ¶ 22, Plaintiffs allege that Defendant Sergeant Mike Wood followed the suspect to 53 Dimaggio Avenue and reported to other Defendants that the house had a U-Haul truck parked directly in front and a vehicle with a cloth cover parked in the driveway.  In ¶ 23, Plaintiffs allege that Defendant Scott Whitehouse arrived at 53 Dimaggio Avenue, parked across the street from it and, from this position, could see that it was yellow stucco with white trim and red brick facia.  Whitehouse went to the Pittsburgh Police Department to obtain a search warrant for 53 DiMaggio Avenue; he included the correct description, but erroneously indicated the address was 41 DiMaggio Avenue instead of the correct address of 53 DiMaggio Avenue.  In ¶ 27, Plaintiffs add that, prior to the execution of the search warrant, Sgt. Wood returned to DiMaggio Avenue with Gil-Blanco, to whom he pointed out 53 Dimaggio Street as the suspect's house.  In ¶ 30, Plaintiffs allege:

> A pre-warrant briefing was held, which was attended by all of the law enforcement officers who were to participate in the search, including but not limited to all of the Defendants.  At the briefing, Defendants and the other officers were informed that the residence they had been authorized to search was a yellow stucco house with white trim, a raised red brick porch, a U-Haul truck parked directly in front, and a vehicle parked in the driveway with a cloth cover.  Defendants and the other officers were told that the occupants of the residence were a black male and a juvenile black female.

In ¶ 32, Plaintiffs allege that their residence, 41 Dimaggio, is next door to 53 Dimaggio and that, at 1:48 a.m., when the warrant was executed, the porch light was lit at 53 Dimaggio so that the color of the residence and all the details mentioned above were clearly visible.  Also, Plaintiffs' residence, which was

3

painted peach with grey trim and had no U-Haul truck parked in front or cloth-covered car in the driveway, could be seen from the light of a nearby street light, and it could be seen that it did not match the description in the warrant of a yellow stucco house with white trim. Plaintiffs allege, "Thus, all of the Defendants knew or should have known that Plaintiffs' residence was not the residence described in the warrant and, consequently, that they did not have lawful authority to enter or search it."

In ¶ 34, Plaintiffs allege that, inside the residence, Gil-Blanco pointed his gun at two of them and Stephens hit one of them on the head.

## LEGAL STANDARD

A complaint must contain a "short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a). When considering a motion to dismiss under Rule 12(b)(6) for failure to state a claim, dismissal is appropriate only when the complaint does not give the defendant fair notice of a legally cognizable claim and the grounds on which it rests. Bell Atl. Corp. v. Twombly, __ U.S. __, 127 S. Ct. 1955, 1964 (2007).

In considering whether the complaint is sufficient to state a claim, the court will take all material allegations as true and construe them in the light most favorable to the plaintiff. NL Indus., Inc. v. Kaplan, 792 F.2d 896, 898 (9th Cir. 1986).

## DISCUSSION

I. Fourth Amendment Violation

Title 42 U.S.C. § 1983 "provides a cause of action for the 'deprivation of any rights, privileges, or immunities secured by

4

the Constitution and laws' of the United States." <u>Wilder v. Virginia Hosp. Ass'n</u>, 496 U.S. 498, 508 (1990) (quoting 42 U.S.C. § 1983). Section 1983 is not itself a source of substantive rights, but merely provides a method for vindicating federal rights elsewhere conferred. <u>Graham v. Connor</u>, 490 U.S. 386, 393-94 (1989). To state a claim under § 1983, a plaintiff must allege two essential elements: (1) that a right secured by the Constitution or laws of the United States was violated and (2) that the alleged violation was committed by a person acting under the color of state law. <u>West v. Atkins</u>, 487 U.S. 42, 48 (1988); <u>Ketchum v. Alameda County</u>, 811 F.2d 1243, 1245 (9th Cir. 1987).

The Fourth Amendment proscribes "unreasonable searches and seizures." U.S. Const. amend. IV. The reasonableness of a search or seizure also depends "on <u>how</u> it is carried out." <u>Tennessee v. Garner</u>, 471 U.S. 1, 7-8 (1985) (emphasis in original). The Warrants Clause of the Fourth Amendment provides that: "[N]o Warrants shall issue, but upon probable cause, supported by Oath or affirmation, and particularly describing the place to be searched, and the persons or things to be seized." U.S. Const. amend. IV. Officers must discontinue a search of areas of a property that they discover were erroneously included in a search warrant. <u>Mena v. City of Simi Valley</u>, 226 F.3d 1031, 1039 (9th Cir. 2000).

II. Qualified Immunity

The defense of qualified immunity protects "government officials . . . from liability for civil damages insofar as their conduct does not violate clearly established statutory or constitutional rights of which a reasonable person would have

5

known." Harlow v. Fitzgerald, 457 U.S. 800, 818 (1982). The rule of qualified immunity protects "'all but the plainly incompetent or those who knowingly violate the law;'" defendants can have a reasonable, but mistaken, belief about the facts or about what the law requires in any given situation. Saucier v. Katz, 533 U.S. 194, 202 (2001). "Therefore, regardless of whether the constitutional violation occurred, the [official] should prevail if the right asserted by the plaintiff was not 'clearly established' or the [official] could have reasonably believed that his particular conduct was lawful." Romero v. Kitsap County, 931 F.2d 624, 627 (9th Cir. 1991).

A court considering a claim of qualified immunity must first determine whether the plaintiff has alleged the deprivation of an actual constitutional right, then proceed to determine if the right was "clearly established." Wilson v. Layne, 526 U.S. 603 (1999). The threshold question must be: Taken in the light most favorable to the party asserting the injury, do the facts alleged show the officer's conduct violated a constitutional right? Saucier, 533 U.S. at 201. "If no constitutional right would have been violated were the allegations established, there is no necessity for further inquiries concerning qualified immunity." Id. On the other hand, if a violation could be made out on the allegations, the next sequential step is to ask whether the right was clearly established. Id. This inquiry must be undertaken in light of the specific context of the case, not as a broad general proposition. Id. at 202. The relevant inquiry in determining whether a right is clearly established is whether it would be clear to a reasonable

6

officer that his conduct was unlawful in the situation he confronted. Id. If the law did not put the officer on notice that his conduct would be clearly unlawful, summary judgment based on qualified immunity is appropriate. Id. The plaintiff bears the burden of proving the existence of a "clearly established" right at the time of the allegedly impermissible conduct. Maraziti v. First Interstate Bank, 953 F.2d 520, 523 (9th Cir. 1992). If the law is determined to be clearly established, the next question is, under that law, could a reasonable official have believed his conduct was lawful? Act Up!/Portland v. Bagley, 988 F.2d 868, 871-72 (9th Cir. 1993). The defendant bears the burden of establishing that his actions were reasonable, even if he violated the plaintiff's constitutional rights. Doe v. Petaluma City School Dist., 54 F.3d 1447, 1450 (9th Cir. 1995). Whether a reasonable official could have believed the action taken was lawful is a mixed question of law and fact: "It involves an objective test of whether a reasonable official could have believed that his conduct was lawful in light of what he knew and the action he took." Sinaloa Lake Owners Ass'n v. City of Simi Valley, 70 F.3d 1095, 1099 (9th Cir. 1995). "If there are genuine issues of material fact in issue relating to the historical facts of what the official knew or what he did, it is clear that these are questions of fact for the jury to determine." Id.

III. Defendant Gil-Blanco

The additional allegations in the TAC remedy the deficiencies in the allegations against Gil-Blanco in the SAC. The TAC alleges that: (1) Gil-Blanco attended a pre-warrant briefing where the

7

description of the suspect's residence was provided; (2) Gil-Blanco pointed a gun at two Plaintiffs within Plaintiffs' residence and thus he participated in the execution of the warrant; (3) although the warrant was executed at 1:48 a.m., the suspect's residence and Plaintiffs' residence were clearly visible from a porch light and a street light and the differences between them were readily ascertainable; and (4) Gil-Blanco knew or should have known that Plaintiffs' residence was not the residence described in the warrant.

Neither Gil-Blanco nor the other moving Defendants argue that they did not violate Plaintiffs' constitutional rights to be free from unreasonable searches nor do they argue that Fourth Amendment jurisprudence is not clearly established law; rather, they argue that they acted objectively reasonably in entering Plaintiffs' residence because they relied on a facially valid warrant.

In <u>Maryland v. Garrison</u>, 480 U.S. 79, 86-87 (1987), a search warrant was erroneously broad in that it failed to designate that the third-floor of an apartment building contained two apartments instead of one and the officers entered the apartment of a person who was not a suspect. The Supreme Court stated, "If the officers had known, or should have known, that the third floor contained two apartments before they entered the living quarters on the third floor, and they had been aware of the error in the warrant, they would have been obligated to limit their search to [the suspect's] apartment. Moreover, . . . they were required to discontinue the search of respondents' apartment as soon as they discovered that there were two separate units on the third floor and therefore were

8

put on notice of the risk that they might be in a unit erroneously included within the terms of the warrant." Id.

Taken as true, Plaintiffs' allegations are sufficient to establish that a reasonable officer in Gil-Blanco's position would have known that he was not entering the correct residence and, thus, that his conduct was unlawful.

Gil-Blanco cites several cases for the proposition that an officer is entitled to qualified immunity as a defense to an action where he is objectively reasonable in relying on a facially valid warrant. See e.g., Barlow v. Ground, 943 F.2d 1132, 1139 (9th Cir. 1991) ("A police officer generally has qualified immunity for conducting an unconstitutional search if he is acting on the basis of a facially valid warrant."); Marks v. Clarke, 102 F.3d 1012, 1029-30 (9th Cir. 1997) (it is not necessary for officers executing the warrant to actually see it). However, the facts as alleged are distinguishable from the facts in the cases cited by Gil-Blanco. Here, the issue is what Gil-Blanco actually knew about the residence he forcibly entered and whether that knowledge would have caused a reasonable officer to have known the entry into that residence was illegal. In Marks, the court denied qualified immunity to officers who searched persons on the premises during the execution of the warrant because "regardless of the terms of the warrant, the law was clearly established that the officers could not search all persons present on the premises in the absence of individualized probable cause." Id. at 1025. Similarly, here the law is clearly established that officers could not enter and search a residence that they knew or should have known was not the

9

suspect's residence, no matter what the warrant indicated. Therefore, Gil-Blanco's motion to dismiss is DENIED.

IV. Defendant Serrano

The analysis that applies to Gil-Blanco is equally applicable to Serrano. Plaintiffs' TAC alleges that Serrano was present at the briefing at which the description of the suspect's house was provided, that outdoor lighting allowed Serrano to ascertain that the house he was entering with a battering ram did not fit the description of the suspect's house and that, therefore, he knew or should have known that he was forcibly entering the wrong residence. As explained above, these allegations are sufficient to defeat a qualified immunity defense on a motion to dismiss. Therefore, Serrano's motion to dismiss is DENIED.

V. Defendants Stephens and Reposa

Stephens and Reposa argue they are protected by qualified immunity on the same grounds presented by Gil-Blanco and Serrano. The allegations in the TAC against Stephens and Reposa are that they were present at the pre-execution meeting at which the suspect's house was described in detail and they were also part of the group of officers who executed the warrant. As above, these allegations are sufficient to defeat a qualified immunity defense on a motion to dismiss. Stephens and Reposa's motion to dismiss is DENIED.

CONCLUSION

For the foregoing reasons, the motions of Reposa and Stephens (Docket # 53), Gil-Blanco (Docket # 59) and Serrano (Docket # 52) are DENIED. If appropriate after discovery, Defendants may present

these same issues in a motion for summary judgment. Defendants must collaborate and submit one motion for summary judgment because the issues presented, as well as the cases and analysis, are identical for all Defendants.

IT IS SO ORDERED.

Dated: 1/25/08

CLAUDIA WILKEN
United States District Judge