IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ADOLFO MENDOZA; AZUCENA MENDOZA; A.M., Jr., a Minor; R.M., a minor; and E.M., a Minor, by and through their guardian ad litem, Adolfo Mendoza; and JOHNNY MENDOZA;<br><br>    Plaintiffs,<br><br>  v.<br><br>SCOTT WHITEHOUSE, FRED DORAN, MIKE WOOD, STEVE MIRIANI, JORGE GIL-BLANCO, ALDO SERRANO, JOE RIPOSA, JONATHAN STEVENS, JIM MAYORAL, STEVE CRANE, AND DOES 4 through 50,<br><br>    Defendants. | No. C 07-01138 CW<br><br>ORDER DENYING DEFENDANT CRANE'S MOTION FOR MORE DEFINITE STATEMENT |

Defendant Steve Crane moves for a more definite statement under Federal Rule of Civil Procedure 12(e). Plaintiffs oppose the motion. Having considered all of the papers filed by the parties, the Court DENIES Defendant's motion.

## BACKGROUND

This action arises from an operation involving several police departments which resulted in the alleged forced entry by police officers into Plaintiffs' home. Plaintiffs' home had been misidentified in the search warrant as the home of a suspect involved in a narcotics investigation.

In their third amended complaint (TAC), Plaintiffs allege the following. Defendant Crane, of the Fairfield Police Department, was involved in the execution of the search warrant. In ¶ 30 of the TAC, Plaintiffs allege:

> A pre-warrant briefing was held, which was attended by all of the law enforcement officers who were to participate in the search, including but not limited to all of the Defendants. At the briefing, Defendants and the other officers were informed that the residence they had been authorized to search was a yellow stucco house with white trim, a raised red brick porch, a U-Haul truck parked directly in front, and a vehicle parked in the driveway with a cloth cover. Defendants and the other officers were told that the occupants of the residence were a black male and a juvenile black female.

In ¶ 32 of the TAC, Plaintiffs allege that their residence, 41 Dimaggio, is next door to 53 Dimaggio and that, at 1:48 a.m., when the warrant was executed, the porch light was lit at 53 Dimaggio so that the color of the residence and all the details mentioned above were clearly visible. Also, Plaintiffs' residence, which was painted peach with grey trim and had no U-Haul truck parked in front or cloth-covered car in the driveway, could be seen from the light of a nearby street light, and it could be seen that it did not match the description in the warrant of a yellow stucco house with white trim. Plaintiffs allege, "Thus, all of the Defendants knew or should have known that Plaintiffs' residence was not the residence described in the warrant and, consequently, that they did not have lawful authority to enter or search it."

### LEGAL STANDARD

Rule 12(e) of the Federal Rules of Civil Procedure provides that a defendant may move for a more definite statement if the plaintiff's pleading is "so vague or ambiguous that the party

cannot reasonably prepare a response." "[T]he proper test in evaluating a motion under Rule 12(e) is whether the complaint provides the defendant with a sufficient basis to frame his responsive pleadings." Federal Sav. and Loan Ins. Corp. v. Musacchio, 695 F. Supp. 1053, 1060 (N.D. Cal. 1988).

"Motions for a more definite statement are viewed with disfavor and are rarely granted because of the minimal pleading requirements of the Federal Rules." Sagan v. Apple Computer, Inc., 874 F. Supp. 1072, 1077 (C.D. Cal. 1994). "Rule 12(e) is designed to correct only unintelligibility in a pleading not merely a claimed lack of detail." FRA S. p. A. v. Surg-O-Flex of America, Inc., 415 F. Supp. 421, 427 (S.D.N.Y. 1976). The proper tool for eliciting additional detail is discovery, not a Rule 12(e) motion. Musacchio, 695 F. Supp at 1060.

## DISCUSSION

Defendant Crane argues that because his name is mentioned only once in the TAC where he is identified as an employee of the Fairfield Police Department, the TAC is impermissibly vague and ambiguous in regard to its cause of action against him such that he is unable to respond intelligently or to assert affirmative defenses or immunities.

In their TAC, Plaintiffs allege that Defendant Crane was one of the several defendants involved in the operation underlying the complaint. Plaintiffs allege that all Defendants attended a pre-warrant briefing at which the house of the suspect was described in detail. Plaintiffs allege that the warrant mistakenly gave Plaintiffs' address as the address of the suspect's house.

3

Plaintiffs allege that, on the night the warrant was executed, the two houses were clearly visible due to a porch light and a street light and that Plaintiffs' house was different than the description of the suspect's house. Plaintiffs allege that all Defendants knew or should have known that they were illegally and forcibly entering the wrong house. Plaintiffs also allege that all Defendants entered Plaintiffs' house.

These allegations are sufficient to state a cause of action against Defendant Crane for the violation of Plaintiffs' Fourth Amendment right against unreasonable searches.

## CONCLUSION

For the foregoing reasons, Defendant Crane's motion for a more definite statement (Docket # 65) is DENIED.

IT IS SO ORDERED.

Dated: 1/28/08

CLAUDIA WILKEN
United States District Judge

4