IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ADOLFO MENDOZA; AZUCENA MENDOZA; A.M., Jr., a minor; R.M., a minor; and E.M., a minor, by and through their guardian ad litem, Adolfo Mendoza; and JHONNY MENDOZA,<br><br>Plaintiffs,<br><br>v.<br><br>SCOTT WHITEHOUSE, FRED DORAN, MIKE WOOD, JIM MAYORAL, STEVE MIRIANI, JORGE GIL-BLANCO, ALDO SERRANO, STEVE CRANE, JOE REPOSA, JOHNATHAN STEPHENS, and DOES 4 through 50,<br><br>Defendants. | No. C 07-01138 CW<br><br>ORDER DENYING DEFENDANT CRANE'S MOTION TO DISMISS |

Defendant Steve Crane moves, relying on Federal Rule of Civil Procedure 41(b), to dismiss the claims against him in Plaintiffs' Third Amended Complaint (TAC) under 42 U.S.C. § 1983 for violation of Plaintiffs' Fourth Amendment rights.  Plaintiffs oppose the motion.  Having considered all the papers filed by the parties, the Court DENIES Defendant Crane's motion to dismiss.

PROCEDURAL BACKGROUND

On February 26, 2007, Plaintiffs filed their complaint.  On April 19, 2007, they filed their First Amended Complaint.  On May 25, 2007, Defendant Serrano filed an answer.  On June 13, 2007, the Court issued a Minute Order and Case Management Order, which established July 12, 2007 as the deadline for adding additional

parties or claims. On July 12, 2007, pursuant to that Order, Plaintiffs filed their Second Amended Complaint (SAC). Defendants Gil-Blanco and Serrano filed motions to dismiss on July 16, 2007 and July 27, 2007, respectively. On September 24, 2007, the Court issued an Order granting Gil-Blanco's motion to dismiss, granting in part Serrano's motion to dismiss, and granting leave to amend.

On November 19, 2007, pursuant to that Order, Plaintiffs filed their TAC, which not only amended their SAC with regard to Serrano and Gil-Blanco, but also "expressly name[d]" Detective Steve Crane and Sergeant Jim Mayoral. On December 18, 2007, Defendant Crane filed a Motion for More Definite Statement under Rule 12(e), and on January 28, 2008, this Court denied that motion. Defendant Crane filed his answer to the TAC on February 12, 2008. On May 7, 2008, Defendant Crane filed this Motion to Dismiss, contending "that he was added as a defendant in this action . . . in violation of this Court's 'Minute Order and Case Management Order' . . . which established the deadline of July 12, 2007 for adding additional parties." On May 29, 2008, Plaintiffs filed a memorandum in opposition to Defendant Crane's motion, arguing that Plaintiffs did not violate the June 13, 2007 Order but only named Defendants who had already been sued as Does 2 and 3. Plaintiffs also argued that, even if their TAC did violate the June 13, 2007 Order, dismissal would be inappropriate under the Ninth Circuit's Rule 41(b) balancing test.

FACTUAL BACKGROUND

This action arises from an operation involving officers from several police departments that resulted in the alleged forced

2

1 entry by officers into Plaintiffs' home.  Plaintiffs' home was
2 allegedly misidentified in the search warrant as the home of a
3 suspect involved in a narcotics investigation.
4     In their TAC, Plaintiffs allege that Defendant Crane, of the
5 Fairfield Police Department, was involved in the execution of the
6 search warrant.  In ¶ 30 of the TAC, Plaintiffs allege:

> A pre-warrant briefing was held, which was attended by all of the law enforcement officers who were to participate in the search, including but not limited to all of the Defendants.  At the briefing, Defendants and the other officers were informed that the residence they had been authorized to search was a yellow stucco house with white trim, a raised red brick porch, a U-Haul truck parked directly in front, and a vehicle parked in the driveway with a cloth cover.

12     In ¶ 32 of the TAC, Plaintiffs allege that their residence, 41
13 Dimaggio, is next door to 53 Dimaggio and that, at 1:48 a.m., when
14 police executed the warrant, the porch light at 53 Dimaggio was lit
15 so that the color of the residence and all the details mentioned
16 above were clearly visible and it could be seen that Plaintiffs'
17 house did not match the description in the warrant.  Plaintiffs
18 thus allege that "all of the Defendants knew or should have known
19 that Plaintiffs' residence was not the residence described in the
20 warrant and, consequently, that they did not have lawful authority
21 to enter or search it."  Id. ¶ 32.

## LEGAL STANDARD

23     Defendant Crane moves to dismiss under Rule 41(b) of the
24 Federal Rules of Civil Procedure, which allows a defendant to move
25 for dismissal of an action or claim "[f]or failure of the plaintiff
26 to prosecute or to comply with these rules or any order of the
27 court."  Rule 41(b) is not the rule most applicable or specific to

1 his motion. The ability of a party to amend a pleading after the
2 date specified in a scheduling order is governed by Rule 16(b) and
3 Rule 15 of the Federal Rules of Civil Procedure. Johnson v.
4 Mammoth Recreations, Inc., 975 F.2d 604, 608 (9th Cir. 1992).

5 I. Federal Rule of Civil Procedure 16(b)

6 In order to amend after the date specified in a scheduling
7 order, the party must first show "good cause" for the amendment
8 under Rule 16(b); if good cause is shown, the party must then
9 demonstrate that the amendment is proper under Rule 15. Id.

10 In order to determine good cause, courts primarily consider
11 the diligence of the party seeking the modification. Id. at 609;
12 Coleman v. Quaker Oats Co., 232 F.3d 1271, 1294 (9th Cir. 2000).
13 "Not only must parties participate from the outset in creating a
14 workable Rule 16 scheduling order but they must also diligently
15 attempt to adhere to that schedule throughout the subsequent course
16 of the litigation." Jackson v. Laureate, Inc., 186 F.R.D. 605, 607
17 (E.D. Cal. 1999). A party seeking to amend a scheduling order must
18 show that it had assisted the court to create a workable schedule
19 at the outset of litigation, that the scheduling order created
20 deadlines that had become impracticable notwithstanding its
21 diligent efforts to comply with the schedule, and that it was
22 diligent in seeking the amendment once it became apparent that
23 extensions were necessary. Id. at 608.

24 II. Federal Rule of Civil Procedure 15

25 Rule 15(a) provides that leave of the court allowing a party
26 to amend its pleading "shall be freely given when justice so
27 requires." See, e.g., United States v. Webb, 655 F.2d 977, 979

28

4

(9th Cir. 1981) (Rule 15's policy of favoring amendments to pleadings should be applied with "extreme liberality").

Leave to amend lies within the sound discretion of the trial court, and this discretion "must be guided by the underlying purpose of Rule 15 to facilitate decision on the merits, rather than on the pleadings or technicalities." Id.; DCD Programs, Ltd. v. Leighton, 833 F.2d 183, 186 (9th Cir. 1987). The Supreme Court has identified four factors relevant to whether a motion for leave to amend should be denied: undue delay, bad faith or dilatory motive, futility of amendment, and prejudice to the opposing party. Foman v. Davis, 371 U.S. 178, 182 (1962). The Ninth Circuit holds that these factors are not of equal weight; specifically, delay alone is insufficient ground for denying leave to amend. Webb, 655 F.2d at 980. Futility of amendment can, by itself, justify the denial of a motion for leave to amend; however, "a proposed amendment is futile only if no set of facts can be proved under the amendment to the pleadings that would constitute a valid and sufficient claim or defense." Miller v. Rykoff-Sexton, 845 F.2d 209, 214 (9th Cir. 1988); Bonin v. Calderon, 59 F.3d 815, 845 (9th Cir. 1995).

DISCUSSION

The June 13, 2007 Case Management Order made clear that the "[d]eadline to add additional parties or claims" was July 12, 2007. Plaintiffs argue that Detective Crane was already named, as Doe 2, and therefore naming him "expressly" later on did not violate the Case Management Order. This argument is unpersuasive. The Federal Rules of Civil Procedure do not specifically provide for naming Doe

5

defendants in the complaint, and the Ninth Circuit disfavors the use of Doe defendants. Gillespie v. Civiletti, 629 F.2d 637, 642 (9th Cir. 1980); Wiltsie v. Cal. Dep't of Corrections, 406 F.2d 515, 518 (9th Cir. 1968). The cases that Plaintiffs cite concern statutes of limitation, not scheduling orders with explicit deadlines for adding new parties. If such scheduling orders are to have any effect, a plaintiff may not skirt them simply by including a large number of Does. Therefore, Plaintiffs must show good cause for adding Defendant Crane as a defendant after the July 12, 2007 deadline.

Plaintiffs argue that the September 24, 2007 Order, which granted Defendants Gil-Blanco and Serrano's motions to dismiss and which also granted Plaintiffs leave to amend, also allowed them to add new claims against additional defendants. The relevant portion of that Order reads:

> Plaintiffs claim that discovery is needed to determine which officers committed which acts alleged in the Second Amended Complaint. Accordingly, Plaintiffs may conduct discovery and are granted leave to file an amended complaint within sixty days of this order, including, if warranted, additional claims against Defendants Gil-Blanco and Serrano.

Because the September 24, 2007 Order applied to Gil Blanco's and Serrano's Motion to Dismiss, it was intended to apply only to the claims against these Defendants. It was not intended to amend the June 13, 2007 Case Management Order.

Nevertheless, situations arise in which alleged defendants' identities will not be known prior to the filing of a complaint. In such situations, the plaintiff should be given an opportunity through discovery to identify the unknown defendants, unless it is

6

1  clear that discovery would not uncover their identities or that the
2  complaint should be dismissed on other grounds.  <u>Gillespie</u>, 629
3  F.2d at 642; <u>Velasquez v. Senko</u>, 643 F. Supp. 1172, 1180 (N.D. Cal.
4  1986).  The Court acknowledges that the September 24, 2007 Order
5  could have been interpreted to allow Plaintiffs to add new claims
6  against new, previously unnamed defendants.  Therefore, the wording
7  of the September 24, 2007 Order provides good cause for the
8  purposes of Rule 16(b).

9  However, amendment must also be proper under Rule 15 and the
10 Supreme Court's four <u>Foman</u> factors.  <u>Foman</u>, 371 U.S. at 182;
11 <u>Johnson</u>, 975 F.2d at 608.  Plaintiffs did not add Defendant Crane
12 until November 19, 2007, and did not serve him until November 30,
13 2007, some nine months after the filing of the original complaint.
14 Plaintiffs explain that it was not until depositions of named
15 Defendants on November 5, 6, and 7, 2007 that they could "confirm[]
16 the identity of the officers who forcibly entered Plaintiffs' home,
17 and that Defendant Crane was among them," and it was only during
18 these depositions that they learned of Defendant Crane's attendance
19 at a pre-warrant briefing where the officers received their
20 instructions about the search.  Snell Decl. at 3.  Even if
21 Plaintiffs acted with undue delay, delay alone is "not enough to
22 support denial."  <u>Morongo Band of Mission Indians v. Rose</u>, 893 F.2d
23 1074, 1079 (9th Cir. 1990).  There is no evidence of bad faith or
24 dilatory motive.  Nor is there reason to believe that the addition
25 of Defendant Crane would be futile.

26 Defendant Crane argues that being added in November, 2007 has
27 had a prejudicial effect on him because he "has had to play a game

7

of catch-up." Def.'s Motion to Dismiss. Of the four Foman factors, the final one, prejudice to the party opposing an amendment, "carries the greatest weight." Eminence Capital, LLC v. Aspeon, Inc., 316 F.3d 1048, 1052 (9th Cir. 2003). However, such prejudice must be substantial. Morongo, 893 F.2d at 1079. Plaintiffs served Defendant Crane five months before the close of fact discovery and nearly a year before the scheduled trial date. Defendant Crane has received copies of all Defendants' depositions, and Defendant Crane's attorney has been present at all depositions of Plaintiffs and of the civilian witness. Snell Decl. at 3. Although "[a]mending a complaint to add a party poses an especially acute threat of prejudice to the entering party," DCD Programs, Ltd. v. Leighton, 833 F.2d 183, 187 (9th Cir. 1987), Defendant Crane has failed to show such a threat of prejudice.

Furthermore, public policy supports deciding cases on their merits and, in the instant case, determining the nature and extent of Defendant Crane's alleged involvement. These public policy interests outweigh the minimal risk of prejudice to Defendant Crane.

CONCLUSION

For the foregoing reasons, Defendant Crane's Motion to Dismiss (Docket No. 90) is DENIED.

IT IS SO ORDERED.

Dated: 7/3/08

CLAUDIA WILKEN
United States District Judge